**Somdeth PISA, Petitioner—Appellant,**

v.

**Leslie R. BLANKS; William Lockyer, Respondents—Appellees.**

No. 05–55625.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2006.

Filed Aug. 9, 2006.

Somdeth Pisa, Norco, CA, pro se. Robert L. Swain, Esq., Swain & Vance, San Diego, CA, for Petitioner–Appellant.

Kyle N. Shaffer, AGCA—Office of The California Attorney General, San Diego, CA, for Respondents–Appellees.

Before: REINHARDT, TROTT, and WARDLAW, Circuit Judges.

### MEMORANDUM *

Somdeth Pisa appeals the district court's denial of his petition for writ of habeas corpus, which alleges ineffective assistance of counsel and prejudicial erroneous jury instructions. We affirm.

Pisa's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214. We will grant habeas relief

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1).

■ The decision of the California Court of Appeal rejecting Pisa's ineffective assistance claim was not contrary to or an unreasonable application of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Even if trial counsel was deficient in failing to communicate adequately with Pisa, *see Turner v. Duncan,* 158 F.3d 449, 457 (9th Cir.1998); *United States v. Tucker,* 716 F.2d 576, 581–82 (9th Cir.1983), or in failing to investigate potential witnesses, *see Strickland,* 466 U.S. at 690–91, 104 S.Ct. 2052; *Sanders v. Ratelle,* 21 F.3d 1446, 1456–57 (9th Cir.1994), Pisa fails to show a "reasonable probability" that the result of his trial would have been different if counsel had investigated and presented to the jury the testimony of the four proposed witnesses and raised the issue of the victim's blood alcohol level.[1] *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. In the face of the victim's detailed, consistent testimony, given both on direct and on cross-examination, which was also consistent with both her physical condition and the treating physician's testimony, our confidence in the outcome of the trial is not undermined by the proposed additional evidence, which was properly characterized by the Court of Appeal as "speculation," "superfluous," and "not relevant." None of the proposed witnesses saw the victim sustain her injuries, so none could state convincingly that her injuries were not inflicted by Pisa. The jury heard testimony that the victim was intoxicated, so the victim's blood alcohol level and the proposed witnesses' testimony about the victim's drinking that evening were duplicative of facts already presented to the jury. As to Pisa's claim that evidence of the victim's belligerence could have supported the defense's theory that the victim had been injured in a bar fight, that theory was presented to the jury, and the jury rejected it. Therefore, there was no prejudice.

■ The state court also properly concluded that the trial court's omission of the domestic violence element in its jury instruction on the charge of violation of section 12022.7(d) of the California Penal Code (redesignated in 2000 as subdivision (e)) was harmless error. *See Neder v. United States,* 527 U.S. 1, 8–16, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999); *see also United States v. Gracidas–Ulibarry,* 231 F.3d 1188, 1197–98 (9th Cir.2000). The record developed at trial established beyond question that the offenses involved acts of domestic violence. Indeed, there was no dispute as to whether the circumstances involved domestic violence. Because "the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the erroneous instruction [was] properly found to be harmless." *Neder,* 527 U.S. at 17, 119 S.Ct. 1827. Pisa's claim that the element was not uncontested, because

---

1. Pisa defended at trial with the factual contention that the victim's injuries stemmed from a bar fight in which she was "falling down all over the place." At trial, the victim's treating physician testified that the victim's injuries were caused by trauma to the orbit, which required "force directly to the globe or to the eyeball itself" inconsistent with falling down. On cross-examination, the

treating physician speculated that other types of force such as falling on the edge of a table that "could strike the eyeball specifically" could cause such an injury. It was not until Pisa's new trial motion, after the physician had made this comment, that the Daraphath declaration was submitted indicating that the victim "had fallen, striking her face on a nightstand next to the bed."

there was a dispute over whether Pisa and the victim were still dating at the time of the incident, misinterprets the definition of "domestic violence." Under California law, and as the jury was instructed, domestic violence occurs in circumstances where the perpetrator "has had" a dating relationship with the victim, whether or not that relationship is ongoing at the time of the violence. *See* Cal.Penal Code § 13700(b). There was no question that Pisa and the victim had been dating prior to the incident. Therefore, the instructional error could not have had any effect, much less a "substantial and injurious effect," in determining the jury's verdict. *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (internal quotation marks omitted).

**AFFIRMED.**

REINHARDT, Circuit Judge, dissenting.

I dissent. This is an egregious case of ineffective assistance of counsel. The trial judge stated that counsel's opening argument gave him "the distinct impression that this attorney doesn't really have a clue about where he's going or what his theory is or what the defense is or what the case is all about. And I think the closing argument doesn't do much to dispel that initial impression, frankly."

Incredibly, defense counsel's shortcomings in the courtroom pale when compared to his absolute delinquency in preparing for his client's trial. Following his brief initial visit with Somdeth Pisa, which lasted no more than thirty minutes, he saw Pisa only during court appearances and failed to review any evidence, or discuss the case, with him. More important, he did not contact *any* witnesses to the events immediately giving rise to the charges against Pisa, including Khamphiang Daraphath, who was named as a witness in the police report. Daraphath submitted a sworn declaration in support of Pisa's new trial motion in which he stated unequivocally that the accuser did not suffer the injuries in the way she described, but rather likely as the result of falling while intoxicated and striking her face against a night stand. Daraphath avers that when he saw the "victim" just prior to her entering the bedroom, where she suffered the apparent fall, she did not have any injuries to her face. Defense counsel also failed to contact Khonemala Didyvong, a percipient witness whose declaration corroborates Daraphath's account and contradicts the accuser's.

The California Court of Appeal rejected Pisa's ineffective assistance of counsel claim, holding that he did not show that he was prejudiced by counsel's failure to investigate his case because the declarants' sworn statements did not account for the injuries to the accuser's face. That conclusion is, without question, wholly without merit, and it constitutes an unreasonable application of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the witnesses' statements, if true, show that the injuries could not possibly have occurred as the prosecution argued. According to the two witnesses, the accuser did not have any injuries to her face when she entered the house from the front yard, where she had been, according to the prosecution, kicked in the face by Pisa. Thus, the witnesses' statements, if believed, establish that Pisa did not commit the offense with which he was charged, or at least did not commit the offense when and as the prosecution alleged. Second, the statements show that the accuser's injuries could in fact have been inflicted in the manner urged by the defense. On cross-examination, the state's

medical expert, Dr. Geoffrey Smith, testified as follows:

> Question: As you sit here today, and based on all your medical experience and surgeries, you're saying it's not possible that these injuries could have been caused by her falling down on to the ground?

> Dr. Smith: *Well if she fell on to an object it could be. If she fell on to a corner of a table, anything that would strike the eyeball specifically* and a level flat surface can't do that.

The majority somehow concludes that the state Court of Appeal's determination that the accuser *could not* have suffered her injuries as the result of a face-first fall against a night stand, when the prosecution's own expert testified that she in fact *could* have, is not unreasonable. In my view, it would not be possible to reach the state court's conclusion unless one had not read the trial record, in particular Dr. Smith's testimony. The state court decision simply ignores the testimony in the record and announces a result that is directly contrary to the undisputed medical evidence.

The state presented two witnesses at trial: the accuser and Dr. Smith. Defense counsel called one witness, who did not refute the accuser's account of how she sustained her facial injuries. Thus, the jury heard no witness testimony either corroborating or rebutting the accuser's story. Plainly, then, defense counsel's failure to contact at least two witnesses who would have directly contradicted the accuser's account, and whose testimony would have been consistent with Dr. Smith's, prejudiced Pisa. The sworn declarations by Daraphath and Didyvong necessarily undermine one's confidence in the outcome. *See Strickland,* 466 U.S. at 694, 104 S.Ct.

2052. For that reason, I would remand Pisa's petition for an evidentiary hearing.